# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KATE A. VOIGT <br> 2480 16th Street NW, Apt. 412 <br> Washington, DC 20009 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT <br> OF EDUCATION, <br> 400 Maryland Avenue SW <br> Washington, DC 20202 <br><br> Defendant. | Civil Action No. 17-790 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Kate A. Voigt brings this action to compel Defendant United States Department of Education to produce records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, et seq.

## JURISDICTION

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff Kate A. Voigt is an individual who resides in Washington, DC. Ms. Voigt made the FOIA request at issue in this action.

4. Defendant United States Department of Education (ED) is an agency of the United States. ED has possession or control of records responsive to Ms. Voigt's FOIA request.

## FACTS

5. The Public Service Loan Forgiveness (PSLF) program was created by Congress when it passed the College Cost Reduction and Access Act of 2007. PSLF forgives the remaining balance on federal direct student loans after the borrower has made 120 qualifying monthly payments while working full-time for a qualifying employer.

6. Several categories of employers may be qualifying employers under the PSLF program, including government organizations, Peace Corps and AmeriCorps, non-profit organizations that are tax-exempt under section 501(c)(3) of the Internal Revenue Code, and other types of non-profit organizations that provide qualifying public services.

7. To help borrowers determine whether their employment qualifies for PSLF, ED created an Employment Certification Form (ECF). ED encourages borrowers to submit to ED an ECF annually or whenever they change jobs, so that ED can help borrowers track their progress toward meeting PSLF eligibility requirements. ED uses the information on the ECF to determine, among other things, whether an employer is an eligible public service organization.

8. ED contracts with the Pennsylvania Higher Education Assistance Authority (PHEAA), doing business as FedLoan Servicing, to perform certain services with regard to the loans of borrowers who submit ECFs and PSLF applications to ED. Although ED has outsourced certain agency duties to FedLoan Servicing, ED retains authority to review FedLoan Servicing's actions under its contract. In particular, ED retains control of ECFs and other documents used by FedLoan Servicing to determine whether an employer qualifies for the PSLF program. Such documents are agency records for purposes of FOIA.

9. ED provides documents to FedLoan Servicing that assist it in determining which organizations qualify for the PSLF program. In particular, ED provides FedLoan Servicing with

materials that help it determine whether organizations that are not 501(c)(3) organizations provide qualifying public services. The documents and materials ED provides to FedLoan Servicing are agency records for purposes of FOIA.

10. ED has access to the records created and maintained by FedLoan Servicing on ED's behalf.

11. On December 30, 2014, Ms. Voigt submitted a FOIA request to ED.

12. Ms. Voigt's FOIA request sought:

   a. A list of organizations that have qualified for the PSLF program and are not tax-exempt under section 501(c)(3) of the Internal Revenue Code;

   b. A list of organizations that have not qualified for the PSLF program and are not tax-exempt under section 501(c)(3) of the Internal Revenue Code;

   c. Any and all guidance, policies, memoranda, trainings, checklists, or other documents related to determining which organizations qualify for the PSLF program, including how to determine whether organizations that are not section 501(c)(3) organizations provide public services; and

   d. Any and all guidance, policies, memoranda, or communications about whether the American Immigration Lawyers Association (AILA) qualifies for PSLF, including all communications to and from FedLoan Servicing.

13. ED received Ms. Voigt's FOIA request and assigned it Request No. 15-00579-F.

14. On January 30, 2015, ED contacted Ms. Voigt by email and stated that her request had been assigned to "multiple offices for research and/or review," that it would not be processed "within the 20 working-day time limit," but that it would be "processed as soon as possible."

15. On March 11, 2015, ED contacted Ms. Voigt regarding the first two parts of her

FOIA request. Those parts of the request sought lists of employers that are not 501(c)(3) organizations, and have been either approved or not approved for PSLF. In its email, ED explained that gathering the information in the form requested "would be extremely difficult because we do not capture the tax exemptions under 501(c)(3) specifically." Thus, according to ED, it would have to individually review each of its approximately 243,003 ECFs for approved employers to determine whether they had 501(c)(3) status. ED further explained that it does capture "Employer Type," from which certain inferences about 501(c)(3) status can be drawn, and that it would take only 15–20 hours to produce lists of employers with approved ECFs by employer type. ED asked Ms. Voigt to respond within 10 calendar days to let it know whether Ms. Voigt would accept "the Employer type lists we stated we can offer."

16. Ms. Voigt responded on March 18, 2015, revising the first two parts of her FOIA request to call for "the list of employers, by employer type, as well as the guidelines" used to define the categories. Ms. Voigt stated that she wanted to pursue the other parts of her FOIA request in full.

17. On May 5, 2015, ED sent Ms. Voigt an "interim response" addressing only parts 3 and 4 of her request. ED stated that Federal Student Aid (FSA), an office within ED, had located 200 pages of responsive documents, but 198 of the 200 pages were "withheld in their entirety pursuant to 5 U.S.C. § 552(b)(5)." Two of the pages withheld in their entirety pursuant to § 552(b)(5) also had information withheld pursuant to 5 U.S.C. §§ 552(b)(6) and (7)(C). ED provided no further information about the 198 pages of records that it withheld in full. The two-page document ED produced on May 5, 2015, is a copy of a letter dated December 10, 2014, from FSA to Ms. Voigt, and is responsive to part 4 of Ms. Voigt's request.

...

18.     On July 1, 2015, ED issued a "final response" to Ms. Voigt's FOIA request, stating that

> In regards to items 1 & 2 of [your] request, upon further research, FSA has determined that they were incorrect in their assumption that they could provide responsive information; these are records housed on PHEAA's system and not federal records. FSA recommends to go to [sic] Pennsylvania Higher Education Assistance Agency (PHEAA) to retrieve this information, and apologize [sic] for any confusion.

19.     ED has produced no records responsive to parts 1, 2, and 3 of Ms. Voigt's FOIA request. ED has produced a single, two-page document responsive to part 4 of Ms. Voigt's FOIA request.

20.     ED has records identifying employers approved for the PSLF program, including by employer type.

21.     ED has records identifying employers not approved for the PSLF program, including by employer type.

22.     ED has records used to determine whether an employer qualifies for the PSLF program, including records used to determine whether an employer that is not a 501(c)(3) organization provides public services.

23.     ED has records, in addition to the two-page letter of December 10, 2014, from FSA to Ms. Voigt, addressing the issue of whether AILA qualifies for PSLF, including communications to and from FedLoan Servicing.

24.     On August 4, 2015, Ms. Voigt filed an administrative appeal of ED's denial of her FOIA request. Ms. Voigt challenged all aspects of ED's failure to provide the records she requested, including the adequacy of ED's search for responsive records, ED's withholding of

198 pages of responsive records under various claimed exemptions, and ED's refusal to retrieve responsive records held by its contractor.

25. To date, ED has not issued a decision on Ms. Voigt's administrative appeal.

26. Under 5 U.S.C. § 552(a)(6)(A)(ii), ED had 20 working days to respond to Ms. Voigt's appeal.

27. Ms. Voigt has exhausted her administrative remedies with respect to ED's denial of her FOIA request.

## CLAIM FOR RELIEF

28. Ms. Voigt has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records she requested.

29. ED has no legal basis for refusing to produce the records responsive to Ms. Voigt's request.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

A. Declare that ED's failure to provide the records responsive to Ms. Voigt's FOIA request is unlawful;

B. Order ED to make the requested records available to Ms. Voigt at no charge and without delay;

C. Award Ms. Voigt her litigation costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

D. Grant all other appropriate relief.

Dated: April 28, 2017                                        Respectfully submitted,

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (DC Bar No. 486293)
Sean M. Sherman (DC Bar No. 1046357)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
mkirkpatrick@citizen.org
